IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

F I L E [D]
JAN 2 2 2014

| | |
|---|---|
| BLANCA URQUIA,<br>P.O. Box 11161,<br>Manassas, VA 20113,<br><br>　　　　　　PLAINTIFF,<br><br>v.<br><br>THE LAW OFFICE OF<br>KYLE COURTNALL, PLLC,<br>　　3905 Railroad Ave. Ste. 104,<br>　　Fairfax, VA 22030,<br>　　　　Serve Registered Agent:<br>　　　　　　Timothy R. Hughes,<br>　　　　　　2300 Wilson Blvd. Ste. 700,<br>　　　　　　Arlington, VA 22201,<br><br>　　and<br><br>KYLE COURTNALL,<br>　　3419 Merrimac Rd.,<br>　　Davidsonville, MD 21035,<br><br>　　　　　　DEFENDANTS. | Civil Action No. 1:14-CV-00056<br>(TSE/TRJ) |

## COMPLAINT

COMES NOW Blanca Urquia ("Plaintiff"), by counsel, and files this Complaint against The Law Office of Kyle Courtnall PLLC ("Defendant Law Office") and Kyle Courtnall ("Defendant Courtnall"), (collectively, "Defendants"), on the following grounds:

### NATURE OF ACTION

1.　　This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay wages and overtime compensation for hours worked by Plaintiff.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff Blanca Urquia is a natural person who resides in Warrenton, Faquier County, Virginia and whose mailing address is P.O. Box 11161, Manassas, Virginia. She was Defendants' employee from January 2011 through July 2013. Plaintiff has not been paid regular or overtime wages during her employment.

5. Defendant Law Office is a professional limited liability company registered in the Commonwealth of Virginia, with its principal place of business in Fairfax, Virginia. The company operates as a law firm where Plaintiff was employed as a paralegal. Defendant Law Office has regularly conducted business activity in Fairfax County, Virginia.

6. Defendant Courtnall is a natural person who owns, operates, and manages Defendant Law Office, and who resides at 3419 Merrimac Road, Davidsonville, Maryland.

## FACTS

7. At all times alleged herein, Plaintiff has never been indebted to Defendants.

8. At all times alleged herein, Defendant Law Office was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

9. At all times alleged herein, all Defendants were an enterprise engaged in interstate commerce or the production of goods for interstate commerce.

10. Defendants engaged in interstate commerce by:

    a. Corresponding with individuals in other states via telephone;

    b. Sending and receiving mail to and from individuals in other states;

    c. Transacting business in interstate commerce; and

    d. Employing goods manufactured and distributed in other states.

11. Defendant Courtnall owned and had operational control of Defendant Law Office, including the work performed, environment, and conditions of employment, and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation and contracting to provide services on behalf of Defendant Law Office.

12. Defendant Courtnall signs checks and distributes cash on behalf of Defendant Law Office, including paychecks and cash payments issued to Plaintiff.

13. For the purposes of the FLSA, Defendants jointly employed Plaintiff and Defendant Courtnall was acting directly in the interest of Defendant Law Office.

14. On or about January 1, 2011, Defendants hired Plaintiff as a paralegal and represented that she would be paid an hourly wage of $18.75.

15. On or about January 1, 2012, Defendants raised Plaintiff's hourly wage to $19.75.

16. Plaintiff left Defendants' employment on or about July 13, 2013.

17. Plaintiff performed her duties in accordance with Defendants' requirements throughout her time as Defendants' employee.

18. From January 2011 through July 2013, Plaintiff regularly tracked her hours worked by recording them in a diary that she kept for that purpose.

19. Throughout the duration of Plaintiff's employment as a paralegal, Defendants required Plaintiff to work approximately forty (40) hours per work week.

20. Defendants also required Plaintiff to work approximately 120 hours of overtime in the month of November 2011, plus an additional 10 hours of overtime in each of the months of December 2011 and January 2012.

21. Although Defendants represented to Plaintiff that she would be paid in regular weekly intervals, Plaintiff ceased receiving payments in November 2011.

22. Defendants knew that Plaintiff worked regular hours, including overtime, throughout her tenure at their establishment but did not pay Plaintiff for her regular and overtime wages.

23. Defendants have willfully violated the FLSA by failing to pay Plaintiff her regular and overtime wages. Based on partial time records, the Plaintiff's regular and overtime hours for this period are approximated below:

| Month Beginning | Regular Hours Worked | Overtime Hours Worked |
|---|---|---|
| 11/1/2011 | 170 | 120 |
| 12/1/2011 | 170 | 10 |
| 1/1/2012 | 170 | 10 |
| 2/1/2012 | 160 | 0 |
| 3/1/2012 | 160 | 0 |
| 4/1/2012 | 160 | 0 |
| 5/1/2012 | 150 | 0 |
| 6/1/2012 | 150 | 0 |
| 7/1/2012 | 150 | 0 |
| 8/1/2012 | 150 | 0 |
| 9/1/2012 | 165 | 0 |
| 10/1/2012 | 145 | 0 |
| 11/1/2012 | 140 | 0 |
| 12/1/2012 | 130 | 0 |
| 1/1/2013 | 125 | 0 |
| 2/1/2013 | 120 | 0 |
| 3/1/2013 | 115 | 0 |
| 4/1/2013 | 110 | 0 |

| Month Beginning | Regular Hours Worked | Overtime Hours Worked |
|---|---|---|
| 5/1/2013 | 90 | 0 |
| 6/1/2013 | 30 | 0 |
| 7/1/2013 | 15 | 0 |

24.    Upon information and belief, Defendant failed to inform Plaintiff of her rights under the FLSA and post a notice informing employees of those rights, as required by the Department of Labor.

25.    Plaintiff has suffered emotionally and financially by being unable to pay monthly bills and being forced to deal with the stress of not being paid regularly.

## CLAIMS FOR RELIEF

### COUNT I
*Violation of the Fair Labor Standards Act*
*Minimum Wage Compensation Requirements*

26.    The preceding paragraphs are re-alleged herein.

27.    Defendants failed to pay Plaintiff minimum wage for approximately 2,775 hours that Defendants required, suffered, or permitted Plaintiff to work.

28.    Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate her therefor.

29.    Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked.

30.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages. Plaintiff is entitled to unpaid wages for approximately 2,775 hours worked and additional equal amount as liquidated damages, attorneys' fees, and expenses and costs.

31.    Plaintiff is due an amount of $60,000.00 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

32.     Plaintiff is due an amount of $60,000.00 for liquidated damages.

33.     Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $120,000.

34.     Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT II
### Violation of the Fair Labor Standards Act
### Overtime Wage Compensation Requirements

35.     The preceding paragraphs are re-alleged herein.

36.     Defendants had actual or constructive knowledge of the overtime hours Plaintiff worked.

37.     Defendants failed to compensate Plaintiff for overtime hours that Defendants regularly and willfully required or allowed Plaintiff to work.

38.     Defendants willfully violated the FLSA by failing to pay Plaintiff one and one-half times her regular rate of pay for each workweek in which Plaintiff worked more than 40 hours.

39.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages. Plaintiff is entitled to unpaid overtime compensation and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

40.     Plaintiff is due an amount of $5,000.00 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

41.     Plaintiff is due an amount of $5,000.00 for liquidated damages.

42. Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $10,000.00

43. Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

Dated: December 18, 2013

Respectfully submitted,
BLANCA URQUIA
By counsel

FIRSTPOINT LAW GROUP, P.C.

/s/ K. Martell

Katherine Martell, VSB 77027
Meredith Ralls, VSB 82548
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
Phone: (703) 385-6868
Fax:   (703) 385-7009
kmartell@firstpointlaw.com
mralls@firstpointlaw.com
*Counsel for Plaintiff*

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I, Blanca Urquia, authorize FirstPoint Law Group, P.C. to bring suit against The Law Office of Kyle Courtnall PLLC and Kyle Courtnall under the Fair Labor Standards Act to recover unpaid wages, overtime and other compensation, including liquidated damages, interests, costs and attorneys' fees. I ask that attorneys' fees and costs be awarded to FirstPoint Law Group, P.C. I authorize my counsel to compromise and settle any claim or take other appropriate actions in this lawsuit.

_____     _____12/18/2013_____
Blanca Urquia                        Date
P.O. Box 11161
Manassas, VA 20113